BASCHAB, Judge.
The appellee, Bartley R. Maddox, was indicted for first-degree theft of property, a violation of § 13A-8-3(a), Ala. Code 1975. The indictment alleged that he
“did knowingly obtain or exert unauthorized control over checks or lawful currency of the United States of America, the property of Leslie Barbour, of the approximate aggregate value of Sixty Thousand and 00/100 Dollars ($60,-000.00), with the intent to deprive the *592 owner of said property, in violation of § 13A-8-3 of the Code of Alabama.”
(C.R. 4.) [1] The appellee filed a motion to dismiss the indictment, alleging that Barbour was improperly pursuing a criminal charge to attempt to collect a civil debt. After conducting a hearing, the trial court denied the appellee’s motion to dismiss. Subsequently, during the trial of Thomas R. Maddox, the trial court granted the defense’s motion to dismiss.[2] Thereafter, the appellee made a second motion to dismiss the indictment, and the trial court granted the motion. This appeal follows.
The State argues that the appellee committed the crime of theft of property because he exercised unauthorized control over Barbour’s money and deprived Barbour of its use or benefit. Therefore, it contends that the trial court improperly granted the appellee’s motion to dismiss the indictment against him. The circumstances underlying this case are the same as those set forth in State v. Maddox, [Ms. CR-00-0690, March 2, 2001] — So.2d - (Ala.Crim.App.2001). In addition, this case presents the same issue we previously decided in Maddox, supra. For the reasons set forth in Maddox, supra, we conclude that the trial court improperly granted the appellee’s motion to dismiss the indictment against him. Accordingly, we reverse the trial court’s order granting the motion to dismiss and remand this case to the trial court for further proceedings.
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.

. The appellee’s father, Thomas R. Maddox, was also indicted for first-degree theft of property based on allegations that he exercised unauthorized control over $60,000 Leslie Barbour paid to him for materials to renovate her residence. See State v. Maddox, [Ms. CR-00-0690, March 2, 2001] - So.2d - (Ala.Crim.App.2001). During Thomas Maddox's trial, Leslie Barbour testified that she entered into a construction contract with Maddox General Contractors, Thomas R. Maddox, and Bartley R. Maddox.

. After the trial court dismissed the indictment against Thomas R. Maddox, the State filed a petition for a writ of mandamus in which it asked this court to vacate the trial court's order dismissing the indictment. We granted the State’s petition and ordered the trial court to set aside its dismissal order and to reinstate the indictment. See State v. Maddox, [Ms. CR-00-0690, March 2, 2001] - So.2d - (Ala.Crim.App.2001).